United States District Court
Southern District of Texas

**ENTERED**

May 29, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-25-5548 |
| EVENTEURS, LLC, *et al.*, | § § § | |
| Defendants. | § § § § | |

**MEMORANDUM OPINION AND ORDER**

This case arises out of a $10,000 loan from the U.S. Small Business Administration. (Docket Entry Nos. 1, 1-1).  The defendants, Eventeurs, LLC, Azeem Farooque, and Irum Farooque, executed a promissory note and unconditional guarantee loan agreements in March 2018.  (Docket Entry Nos. 1-1, 1-2, 1-3, 1-4).  In November 2025, the United States filed this suit, alleging that the defendants have failed to pay the indebtedness and that the balance due is currently a little over $13,000.  (Docket Entry No. 1).  On January 22, 2026, the United States filed a motion for summary judgment.  (Docket Entry No. 15).  The defendants did not file a response brief and instead moved for relief under Rule 56(d).  (Docket Entry No. 17).  At the initial conference on February 3, 2026, the parties indicated that they were going to try to work out an alternative payment plan.  (Docket Entry No. 20).  This attempt at an alternative resolution did not succeed.

The court grants the motion for summary judgment and denies the motion for relief under Rule 56(d).  The exhibits provided in support of the motion for summary judgment show that the defendants signed binding legal documents making the amount due owed to the United States.  In March 2018, the defendants executed a promissory note and unconditional loan agreement for

$10,000, with interest accruing at variable rates, with Hon North Houston Business Banking. (Docket Entry Nos. 15-2, 15-3, 15-4, 15-5).  When the defendants became delinquent on their obligation in December 2019, the SBA became the holder of the Note.  (Docket Entry Nos. 15-2). The Lender's Transcript of Account shows that the defendants timely paid the amount due through late 2019 but defaulted on December 28, 2019.  (Docket Entry No. 15-7; *see also* Docket Entry No. 15-2).  On May 21, 2025, the Treasury issued a Certificate of Indebtedness, stating that the amount due as of that date was $12,638.19.  (Docket Entry No. 15-2).

The defendants did not respond to the motion for summary judgment but instead filed a one-page Rule 56(d) motion.  The entirety of the explanation as to why the motion for summary judgment should be deferred is that the defendants "cannot adequately oppose summary judgment without discovery of the original promissory note, payment history, accounting of amounts claimed, and proof of Plaintiff's authority to enforce the alleged debt."  (Docket Entry No. 17). That is not a sufficient basis for this court to grant the Rule 56(d) motion.  The Fifth Circuit is clear that non-moving parties requesting Rule 56(d) relief "must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).  The defendants neither identify what "proof" is missing nor why the documents the United States produced are insufficient.  They also did not provide an affidavit or declaration of support.  The court must deny this insufficient motion.  *See Tijerino v. Miller*, No. 25-30306, 2026 WL 85052, at *2 (5th Cir. Jan. 12, 2026) (affirming the denial of a Rule 56(d) motion because the plaintiff "did not offer an

2

affidavit or declaration, and his motion did not provide specific reasons why he needed additional discovery or how that discovery would create a genuine issue of material fact").

The United States' pleadings establish the defendants' liability by showing they failed to submit payment as required by the Note; that they breached their obligations under the Note by failing to repay the indebtedness due; and that as a result, the United States has suffered damages. *See United States v. Knowles*, No. 3:18-cv-00280-L, 2023 WL 360245, at *2 (N.D. Tex. Jan. 23, 2023). The court concludes that the United States is entitled to the current principal of $6,504.48, pre-judgment interest, post-judgment interest, and costs of court. *See id.* at *3. No later than June 19, 2026, the United States must submit a proposed final judgment that includes calculations for pre-judgment, post-judgment interest, and costs.

SIGNED on May 29, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

3